# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:93cr65 |
| | § | (Judge Brown) |
| DAVID ALLEN METIVIER | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 9, 2005 to determine whether the Defendant violated his supervised release. The Defendant was represented by Victor Amador. The Government was represented by Randy Blake.

On March 24, 1994, the Defendant was sentenced by the Honorable Paul Brown to 51 months custody followed by a five year term of supervised release for the offense of Attempted Bank Robbery. On December 10, 1998, the Defendant completed his period of imprisonment and began service of his supervised term.

On November 14, 2003, the U.S. Probation Officer filed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following conditions: (1) The Defendant shall not commit another federal, state, or local crime; and (2) The Defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

The petition alleges that the Defendant committed the following acts: (1) On

January 13, 2003, the Defendant was arrested by the Denton Police Department for Forgery of a Financial Instrument and subsequently indicted for the same offense; (2) Defendant failed to report to the U.S. Probation Office on September 22, 2003 after being instructed to do so; (3) Defendant failed to submit written reports within the first five days of each month for the months of July, August, September, and October 2003; and (4) Defendant absconded supervision, leaving his whereabouts unknown.

Prior to the Government putting on its case, the Defendant entered a plea of true to all violations. At the hearing, the Court recommended that the Defendant's supervised release be revoked.

### RECOMMENDATION

The Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of seven (7) months, receiving credit for time served, with no supervised release to follow.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings

and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 10th day of May, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE